IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CIVIL ACTION NO.

| | |
|---|---|
| ROBIN TAYLOR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELIZABETH CITY )<br>PASQUOTANK PUBLIC SCHOOL )<br>BOARD OF EDUCATION and )<br>TAMMY RINEHART, in her official )<br>capacity. )<br>Defendants. ) | **COMPLAINT**<br>**(Jury Trial Requested)** |

COMES NOW the Plaintiff, by and through undersigned counsel, complaining of the Defendants, and alleges and says the following:

### NATURE OF THE CASE

This action is brought pursuant to the Family and Medical Leave Act (FMLA), codified in 29 USC §§ 2601 *et. seq*, Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2, and the common law of the State of North Carolina. The jurisdiction of this Court is invoked to redress the deprivation of rights guaranteed by federal law as well as those rights guaranteed under the common laws of the State of North Carolina. These rights provide for damages for discrimination and retaliation. Plaintiff seeks damages, including, but not limited to, lost pay, lost income, loss of past, present, and future benefits, compensatory and punitive damages, and for the emotional distress and mental anguish suffered as a result of the intentional and unlawful discrimination by Defendants as more fully described below.

## PARTIES AND JURISDICTION

1. Robin Taylor ("Plaintiff Taylor") is, and at all times relevant to this Complaint, an African-American female citizen and resident of Elizabeth City, Pasquotank County, North Carolina.

2. Defendant Elizabeth City Pasquotank Public Schools ("ECPPS") is a duly organized municipal school district of North Carolina.

3. Upon information and belief, Defendant ECPPS has waived sovereign immunity by purchasing an insurance policy and/or participation in a risk pool.

4. Upon information and belief, Defendant Tammy Rinehart ("Rinehart") is and at all times relevant to this Complaint, a Caucasian female citizen and resident of Chowan County, North Carolina and is a Child Nutrition Director for ECPPS.

5. This Court has original jurisdiction over the subject matter of the claims grounded in federal law as set forth herein and may exercise pendant jurisdiction over the claims grounded in state law as outlined herein.

6. This Court may exercise personal jurisdiction over Defendants because all Defendants reside, and the events giving rise to this action occurred in, the Eastern District.

7. Venue is proper pursuant to USC §1391 as the Eastern District is the district in which the actions taken against Plaintiff arose and in which all Defendants reside.

## FACTUAL ALLEGATIONS

8. The allegations contained in paragraphs 1-7 are realleged and incorporated herein by reference.

9. At all times relevant to this complaint, Plaintiff Taylor worked for ECPPS as a Child Nutrition Secretary.

10. Plaintiff loved her job as a child nutrition secretary. She was described as being hardworking, dedicated, responsible, and reliable. Plaintiff Taylor was further characterized as having a true heart for child nutrition.

11. Plaintiff performed her job satisfactorily and was recommended for a salary increase in her job evaluations.

12. In April 2021, Andrew Brown was killed by the Sheriff's Department in Elizabeth City, North Carolina.

13. Plaintiff was a vocal and very active advocate for change by participating heavily in demonstrations protesting the killing.

14. Upon information and belief, Plaintiff was seen on television protesting the killing and advocating for justice.

15. Plaintiff even requested annual leave to meet with the governor of North Carolina to address the controversial killing of Andrew Brown.

16. On or about June 2021, after Plaintiff's heavy and continued involvement with protests and racial activism, Plaintiff returned to work to find a black rat on her desk.

17. Upon seeing the rat, Plaintiff became extremely frightened and fearful, and screamed

3

alerting her office mate to the situation.

18. Plaintiff knew firsthand of the racial tension in the months following the shooting of Mr. Brown, and viewed the black rat as an ominous sign. She understood the meaning and symbolism of the rat to be indicative of dark, racist, negative, and deceitful characterizations.

19. Plaintiff believes the rat was placed on her desk as a result of her participation in protests and outspokenness regarding the Andrew Brown killing.

20. After realizing the black rat was not real, Plaintiff became even more upset that someone would place it on her desk, especially amidst the civil unrest of the community.

21. Plaintiff Taylor was informed by her office mate, Carol Saunders, the black rat was placed on her desk by Tammy Rinehart.

22. Upon information and belief, Rinehart is the direct supervisor of Taylor.

23. Upon information and belief, when Plaintiff brought the incident to the attention to her supervisor Rinehart stated while laughing "I can't believe I missed it…I wanted to see your reaction when you found it on your desk." which deeply upset Plaintiff.

24. Rinehart later stated she the black rat was part of a safety and sanitation training used in school cafeterias used to alert cafeteria workers to potential rodents and bugs. The rat was placed on the *office* desk of Plaintiff.

25. Rinehart's explanation changed several times from this point. Rinehart expressed the black rat was just a Halloween decoration, and also that it was intended to prank and

4

produce a reaction from Plaintiff.

26. Upon information and belief, Rinehart previously heard of an ECPPS employee placing a black rat in a cafeteria kitchen.

27. Following the incident with the black rat, Plaintiff and Rinehart became embroiled in a tense conversation regarding workplace decisions.

28. The conversation left Plaintiff even further distraught when Rinehart asked for Plaintiff's resignation letter.

29. Plaintiff formally complained of Rinehart's behavior and Human Resources ("HR") conducted an investigation regarding her complaint. A copy of Plaintiffs letter is attached here as Exhibit A.

30. Rinehart averred Plaintiff only came to work for "two hours a day" because that is the only time the two would see one another.

31. As a former Child Nutrition Director, Plaintiff does not clock in all hours she works. Plaintiff enjoys her job and goes above and beyond what is required by working up to eight hours per day.

32. As a result of the increasingly stressful working conditions, Plaintiff's blood pressure rose high enough that her primary care physician wrote a note excusing her from work.

33. Upon information and belief, Plaintiff Taylor obtained leave under FMLA beginning June 2021.

34. The leave was based on the interactions involving Rinehart, and the human resource personnel that had significantly adverse health consequences for Plaintiff.

35. While on leave, Plaintiff Taylor was informed by a letter dated July 21, 2021, the HR investigation had concluded, and she would need to report to work under substantially different job duties and responsibilities.

36. Plaintiff's position as Child Nutrition Secretary was being reduced from thirty (30) hours down to twenty (20) hours.

37. The letter also stated that Defendants were eliminating Plaintiffs job entirely as Child Nutrition Secretary on June 30, 2022.

38. Plaintiff was still on FMLA leave when she was told her job would cease to exist.

39. While on FMLA leave Plaintiff was diagnosed with breast cancer.

40. As a result of the diagnosis, Plaintiff underwent extensive surgery in October of 2021.

41. The surgery yielded unexpected complications with Plaintiff's healing process and required Plaintiff to travel extensively for further treatment.

42. Plaintiff was finally able to secure a medical doctor to perform a second surgery in May 2022 from which she is still recovering.

43. During the initial meeting with human resources personnel and Rinehart, Plaintiff's complaints of Rinehart were brushed aside.

44. Upon information and belief, during the investigations, Plaintiff had already taken FMLA leave when HR personnel interviewed her office mate, for which Plaintiff was not able to offer her version of events to refute any statements given.

45. Plaintiff Taylor filed her charge of Discrimination on August 20, 2021, attached here as Exhibit B.

46. Plaintiff received her Right to Sue letter from the EEOC on April 19, 2022, attached here as Exhibit C, and has filed this action within ninety days of her receipt of the same.

## **COUNT I**
(Violation of Title VII)

47. Paragraphs 1 through 46 are hereby incorporated by reference.

48. Defendant has illegally and unjustifiably discriminated against Plaintiff Taylor, on the basis of her race, by significantly reducing the number of hours for Plaintiff's position to twenty hours per week.

49. Plaintiff was engaged in protected activity during her confrontation of Rinehart and subsequent complaint to human resources about the behavior of Rinehart towards Plaintiff.

50. Defendants further discriminated against Plaintiff when a black rat was placed on Plaintiff's desk by her Caucasian supervisor. Plaintiff firmly believes the stated reasons for the placement of the rat are pretextual.

51. Plaintiff was informed, her position would be eliminated on June 30, 2022 whether or not she chose to return from FMLA. Plaintiff's terms and conditions of employment have been materially changed as a result of her participation in the complaint filing process.

## COUNT II
(Violation of FMLA )

52. Paragraphs 1 through 51 are hereby incorporated by reference.

53. Plaintiff received FMLA leave in June 2021 with the expectation her role would be waiting for her upon her return under the same conditions.

54. Instead, Defendants interfered with her ability to avail herself of the benefits provided under FMLA by significantly changing her current role requirements *and* eliminating her position prior to return from FMLA leave.

55. Plaintiff is unable to return from FMLA prior to the June 30, 2022 deadline before her position is eliminated because she has health complications as a result of her breast cancer diagnosis.

56. Defendants have rankly denied Plaintiff's ability to protect her job under the federal statute and thus she has been harmed.

## COUNT III
(Retaliation)

57. Paragraphs 1 through 56 are incorporated herein by reference.

58. Plaintiff was engaged in protected activities when she:

    i. Filed a formal complaint to HR about her supervisor Tammy Rinehart,

    ii. Submitted her August 20, 2021 charge of discrimination to the EEOC

    iii. Requested and received her June 2021 medical leave under FMLA.

59. Despite engaging in protected activity, Plaintiff Taylor suffered an adverse employment action when Defendant significantly and substantially changed her job

8

responsibilities *and* eliminated her position while she was still on FMLA leave.

60. Defendants were aware of Plaintiff had secured leave in June 2021 yet still proceeded to reduce her role significantly and ultimately eliminate her position one month later.

61. Based on the foregoing, Defendants adverse actions are causally linked to Plaintiff's protected activities.

## COUNT IV
(Intentional Infliction of Emotional Distress)

62. Paragraphs 1 through 61 are hereby incorporated by reference.

63. Defendant has acted intentionally and recklessly with regard to Plaintiff's concerns and experiences knowing a conscious disregard of the same would be substantially certain to cause Plaintiff harm.

64. Defendant's conduct was profusely extreme and outrageous such that failing consider the current social and racial climate constitutes behavior any ordinarily prudent person (in this case an African American secretary) would find utterly appalling and equally concerning.

65. Such conduct has damaged Plaintiff caused severe emotional distress, including but diagnoses of anxiety, depression, and high blood pressure, from the above described events that have required prescription medication.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully prays that:

1. As to Count I of this Complaint, Plaintiffs have and recover of the Defendants compensatory damages in an amount in excess of $25,000.00.

2. As to Count II of this Complaint, Plaintiffs have and recover of the Defendants compensatory damages in an amount in excess of $25,000.00.

3. As to Count III of this Complaint, Plaintiffs have and recover of the Defendants compensatory damages in an amount in excess of $25,000.00.

4. As to all appropriate Counts of this Complaint, Plaintiffs have and recover reasonable attorney's fees from the Defendant.

5. As to all appropriate Counts of this Complaint, Plaintiffs be awarded pre-judgment and post-judgment interest.

6. That the costs of this action be taxed against the Defendant.

7. That this case have a **Trial By Jury** on all issues so triable.

8. For injunctive relief and such other and further relief as the Court may deem just and proper.

This the 12th day of July 2022.

                                                  **HAIRSTON LANE, PA**

                                                  _____
Bryan M. Sumner
N.C. Bar No: 55515
James E. Hairston, Jr.
N.C. Bar No:
*Attorneys for Plaintiff*
434 Fayetteville Street, Suite 2350
Raleigh, North Carolina 27601
(919) 838-5295 Telephone
(888) 510-1160 Facsimile

## VERIFICATION

I, **Robin Taylor**, being duly sworn and states I am the Plaintiff in the foregoing action. I have read the forgoing Complaint and the allegations contained therein are true based upon my own memory, knowledge, and belief. The attorneys for Plaintiff have relied upon the information I have supplied regarding the foregoing allegations in this Complaint.

_____
**Robin Taylor**

State of _North Carolina_
County of _Pasquotank_

Sworn to and subscribed before me this the _13th_ day of _July_, 2022 by **Robin Taylor**

_Tanya Sylvester_, Notary Public

(seal)
TANYA SYLVESTER
NOTARY PUBLIC
PASQUOTANK COUNTY, NC

My Commission Expires: _April 8, 2023_

10



Interim Personnel Director Karen Dameron
Elizabeth City-Pasquotank Public Schools
1200 Halstead Boulevard
Elizabeth City, NC 27909

Dear Ms. Karen Dameron:

I am formally submitting a grievance regarding the treatment by my supervisor, Mrs. Tammy Rinehart this past week. I have been experiencing a hostile working environment as a result of interactions with Mrs. Rinehart in the workplace.

On June 4, 2021, upon arrival into my office there was a Black Rat sitting on the center of my desk. I immediately panicked and screamed in fear seeing the Black Rat on top of my desk. The sound of my screams alerted my office mate, Mrs. Carol Saunders, to the intensity of the situation. Mrs. Saunders, replying to my screams stated that my supervisor Tammy Rinehart placed the rat (which at this point I've discovered is a black plastic rat) on my desk. In utter shock and disbelief, I took the rat to Mrs. Rinehart's office, who was out at the time. When she arrived back into the office, I asked her why she placed this black rat onto my desk. Mrs. Rinehart's reply while laughing, "Ugh, I can't believe I missed it, I wanted to be here to see your reaction when you found it on your desk." Confused, I reply, "why would you place a rat on my desk?" Mrs. Rinehart replies, still laughing, "I thought it was funny, it was just a joke Robin." I reply, "This was not funny." Still, in a state of shock, I take a pause and Googled the symbolism of a black rat to understand why this happened to me. I found that a rat represents negative demeanors and can have dark, gloomy, nasty, grim, unpleasant, grave, creepy, scary, and unfriendly meanings. I felt this was a direct attack against me. I feel threatened. This sinister act against me was horrible and should not happen to anyone, for any reason, and I keep asking myself why this would happen to me.

On Monday, June 7, 2021, we had a disagreement because of a work decision and the conversation became heated causing me great stress and anxiety. I immediately left the office to seek medical attention at my doctor's office. My doctor found that my blood pressure had doubled its normal levels as a result of stress and recommended I take the rest of the week to reset to healthier levels. I submitted a request to use sick leave for the remainder of the week upon my doctor's recommendation, however Mrs. Rinehart, denied sick leave request.

I requested FMLA paperwork to use for the birth of my granddaughters in June and July. I have 38 sick leave days that would cover my time out of the office. I was told in a meeting with the Interim Superintendent, Mrs. Rhonda James-Davis and Mrs. Dorothy Lamb, that a leave of absence and the use of sick leave can only be used for, parents, sons and daughters. Therefore, I could not use sick leave or request a leave of absence or FMLA for a daughter-in-law.

I personally believe that I am being discriminated against because I have been marching for the support of injustices experienced by members of our Elizabeth City community. I have felt a

lack of support and isolation from coworkers and feel that this is a bizarre situation of retaliation against me.

I have given my heart, time, and experience for our organization for 38 years. It has been my absolute pleasure to serve our community, its schools, and most of all the wonderful students. The hostile working environment that exists directly pointed at me feels like a dismissal of my work, it has caused me great mental harm, stress, pain, and suffering and is in no way a reflection of the community that I am familiar with at our organization.

I appreciate your immediate attention to this matter.

Sincerely,

Robin Taylor

cc: Rhonda James-Davis, Interim Superintendent
Tammy Rinehart, Child Nutrition Director
Keith Rivers, NAACP President- Elizabeth City Chapter

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>430-2021-02244 |
|---|---|---|
| | State or local Agency, if any | and EEOC |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MS. ROBIN J TAYLOR | 252-340-1870 | 1959 |

Street Address: 1101 GOODWIN AVENUE, ELIZABETH CTY, NC 27909

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ELIZABETH CITY-PASQUOTANK PUBLIC SCHOOLS | 201 - 500 | (252) 335-2981 |

Street Address: 1200 HALSTEAD BOULEVARD, P.O. BOX 2247, ELIZABETH CTY, NC 27909

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 06-04-2021  Latest: 08-20-2021
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

**I was hired by the above cited employer on September 19, 1983, and after retiring as the Child Nutrition Director in 2015, I was rehired on a part-time basis in 2016 in the position of Child Nutrition Secretary. On June 06, 2021, I made a complaint of discrimination against my manager (White) after she left a black toy rat on my desk. On or about June 07, 2021, I started medical leave. On July 30, 2021, I was informed an HR investigation concluded there was no evidence to support the act had racial intent. I was also informed, per the request of my manager, that at the end of my medical leave I should report back to work under the new position requirements/expectations of a set work schedule and reduced work hours.**

**I was informed the rat was either a leftover department Halloween decoration or a cafeteria teaching technique, and that my manager was directed to discontinue any such actions with any other Child Nutrition employees. Since becoming my manager around December 2019, I never saw or heard of my manager using a black plastic rat as a cafeteria teaching technique, nor were there department Halloween decorations that included a black toy rat.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Robin J Taylor on 08-20-2021 01:32 PM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| EEOC Form 5 (11/09) | | | |
|---|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>430-2021-02244 |
| | | | and EEOC |
| | *State or local Agency, if any* | | |

**Upon knowledge and belief, my manager was not subjected to reprimand, despite previous complaints of racism to HR.**

**I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, on the basis of race (Black); and subjected to retaliation for participating in a protected activity.**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Robin J Taylor on 08-20-2021 01:32 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

*EXHIBIT C*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Norfolk Local Office**
200 Granby Street, Suite 739
Norfolk, VA 23510
(757) 600-4720
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/30/2022

**To:** Ms. Robin J. Taylor
1101 Goodwin Avenue
Elizabeth City, NC 27909

Charge No: 430-2021-02244

EEOC Representative and email:   Felice Anderson
Federal Investigator
felice.anderson@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 430-2021-02244.

On behalf of the Commission,

Digitally Signed By: Thomas M. Colclough
03/30/2022

Thomas M. Colclough
District Director

**Cc:**
John D Leidy
Hornthal, Riley, Ellis and Maland LLP
jleidy@hrem.com

Rhonda James-Davis
ELIZABETH CITY-PASQUOTANK PUBLIC SCHOOLS
rjamesdavis@ecpps.k12.nc.us


**Please retain this notice for your records.**